UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

`3:11-bk-00424`

IN RE:
Christopher Scott Deese  xxx-xx-4647
Jennifer Lee Deese  xxx-xx-9709
306 Crimson Tide Lane
Mc Minnville, TN 37110
Case Number:
Chapter 13

**Chapter 13 Plans and Motions** ____X_____Original _____ Amended  Date _____

**YOUR RIGHTS WILL BE AFFECTED**.  You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of the plan  or any motion included below must file a timely written objection.  Any person wishing to NOT ACCEPT the plan should do so in writing prior to the conclusion of the meeting of creditors.  A creditor electing to "NOT ACCEPT" the plan shall not be deemed to have raised an objection to the plan unless an objection is separately submitted   This plan may be confirmed and the motions included below may be granted without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you should have received from the Bankruptcy Court.  If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS:**  You must file a proof of claim to be paid under any plan that may be confirmed.

1. **PAYMENT AND LENGTH OF PLAN**
a.  The Debtor shall pay     **$277.50   Weekly**              to the chapter 13 Trustee starting     **1/21/2011**        for   **60**         months
       _**X**_  a payroll deduction order will issue to the debtor's employer : address: **Pike Electric, LLC**
       **P.O. Box 868**
   **OR,**                                                                                                      **Mt. Airy, NC 27030**
      _____  Debtor will pay directly to the trustee
b.  Joint Debtor shall pay                                            to the chapter 13 Trustee starting                        for            months
        _____  a payroll deduction order will issue to the debtor's employer :
address:

        **OR,**
      _____  Debtor will pay directly to the trustee
c.    Other payments to the Trustee:
d.    Total amount to be paid to the trustee shall not be less than **:** ("Base") This amount may be altered if a creditor rejects the plan.

2. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)**

All priority claims, if allowed will be paid unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount | Payment Terms |
|---|---|---|---|
| U.S. Bankruptcy Court | Filing Fee & noticing fee | $274.00 | First Disbursement after confirmation |
| Galen W. Pierce | Attorney Fee | $3,500.00 presumptive fee. (Plus hourly charges for services excluded from the presumptive fee.  Also additional fees may be applied for by motion  if the total fee earned exceeds the fee awarded limited to the presumptive fee allowed at the time of application.) | To be paid at as a monthly payment in accordance with the provisions of paragraph 10(g) of the proposed plan. |

The Trustee/Debtor shall pay post petition Domestic Support Obligations as follows:

| DSO CREDITOR | DATE SUPPORT ENDS | MONTHLY PMT | PMT START DATE | ARREARS AMOUNT | ARREARS PMT |
|---|---|---|---|---|---|
| | | | | | |

3. **PRIORITY CLAIMS SUBJECT TO SUBORDINATION**

Pursuant to 1322(a)(4) the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| | | |

4. **SECURED CLAIMS NOT SUBJECT TO SECTION 506**

The following debts were incurred within 910 days and secured by a purchase money security interest in an automobile or incurred within one year and secured by a purchase money security interest in other thing of value.

   a. The plan DOES propose to limit the secured claims listed below to the value of the collateral (cramdown). Debtor requests the below listed creditors ACCEPT this proposed plan.

| CREDITOR | COLLATERAL | SCHEDULED DEBT | VALUE | INTEREST RATE | MONTHLY PMT |
|---|---|---|---|---|---|
| | | | | | |

   b. Debtor proposes to pay the claims below in full and, pursuant to section 1325(a), not subject such claims to valuation.

| CREDITOR | COLLATERAL | SCHEDULED DEBT | INTEREST RATE | MONTHLY PMT |
|---|---|---|---|---|
| | | | | |

5. **PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS**

The debtor proposes that the Trustee make adequate protection payments, prior to the effective date of the plan, pursuant to section 1326(a)(1) as follows

| CREDITOR | MONTHLY AMOUNT OF ADEQUATE PROTECTION PAYMENT |
|---|---|
| | |

The trustee shall commence making such adequate protection payments to creditors holding allowed claims secured by purchase money security interest in personal property as soon as practicable after the filing of a proof of claim by such creditor.

6. **SECURED CLAIMS AND MOTION TO VALUE COLLATERAL**.

Debtor moves to value the collateral as indicated. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The excess of creditors claim shall be treated as an unsecured claim. Any claim listed as "NO VALUE" in the value column below, will be treated as an unsecured claim, and the lien will be avoided.

| CREDITOR | COLLATERAL | SCHEDULED DEBT | VALUE | INT. RATE | MONTHLY PAYMENT | CLASS |
|---|---|---|---|---|---|---|
| **Cash Express** | **97 Chevy Sierra** | **$1,200.00** | **$1,200.00** | **5.00%** | **$53.00** | |

Debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under the plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| **CREDITOR** | **COLLATERAL TO BE SURRENDERED:** |
|---|---|
| **BB&T** | **2006 Dodge Durango (Est. Def. $6,500.00)** |
| **Harley Davidson Credit** | **2007 Harley Davidson (Est. Def. $1,000)** |
| **HSBC** | **(2) Four-Wheelers (Est. Def. $500.00)** |

7. **UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid:
- ___ The Debtor shall pay sufficient funds to provide a pool to unsecured creditors of **$**             ("Unsecured Pool"). Payments to unsecured priority and general creditors will be made from this pool.
- _X_ Not less than **0** percent.
- ___ Any excess funds received by the Trustee shall be used to increase the "Unsecured Pool".

8. **CURING DEFAULT AND MAINTAINING PAYMENTS**

   (a) Trustee shall pay the allowed claims for arrearage, and Trustee shall pay the post petition monthly payments to these creditors

| **CREDITOR** | **COLLATERAL** | **ESTIMATED ARREARAGE** | **LAST MO IN ARR.** | **ARREARAGE PAYMENT** | **REGULAR MONTHLY PAYMENT** |
|---|---|---|---|---|---|
| **Farm Credit Services** | **Doublewide Mobile Home and 23.06** | | | | |

   (b) The Trustee shall pay the allowed claim for arrears, and the Debtor shall pay the post-petition monthly payments to the creditor.

| **CREDITOR** | **COLLATERAL** | **ESTIMATED ARREARAGE** | **LAST MO IN ARR.** | **ARREARAGE PAYMENT** | **REGULAR MONTHLY PAYMENT** |
|---|---|---|---|---|---|

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   All executory contracts and leases are rejected, except the following are assumed:

| **CREDITOR** | **PROPERTY DESCRIPTION** | **TREATMENT BY THE DEBTOR** |
|---|---|---|

10. **OTHER PLAN PROVISIONS AND MOTIONS**

   (a) **Motion to Avoid Lien 522(f):**
       Debtor moves to avoid the following liens that impair exemptions:

| **CREDITOR** | **COLLATERAL** | **ITEMS EXCLUDED FROM LIEN AVOIDANCE** |
|---|---|---|

   (b) **Lien Retention and Motions to Avoid Liens**
       Except as provided above in Section 7, allowed secured claim holders retain liens until liens are released upon completion of all payments under the plan

   (c) **Debtors Certificate of Compliance with section 521 and Motion for Order Acknowledging Compliance**

Debtors Counsel (or Debtor, if not represented by counsel) certifies that all information required under section 521(a)(1)(B) has been filed and/or submitted to the trustee and moves the Court for an Order that such information satisfied the requirements of section 521and that the case is not dismissed under section 521(i).

**( d)   Separately Classified Unsecured Claims**

(1) Cosigned claims shall be treated as follows:

| **CREDITOR** | **CO-SIGNOR** | **TREATMENT (INTEREST AND CLASS)** | **AMOUNT OF CLAIM** |
|---|---|---|---|

(2) Other:

| **CREDITOR** | **REASON FOR CLASSIFICATION** | **TREATMENT (INTEREST AND CLASS)** | **AMOUNT OF CLAIM** |
|---|---|---|---|

**(e)  Vesting of Property of the Estate**

Property of the estate shall re-vest in the Debtor:
\_\_\_ Upon confirmation     <u>X</u>  Upon discharge or dismissal     \_\_\_ Other_____

**(f)  Direct Payment by Debtor**

Secured payments and lessors to be paid directly shall continue to mail to Debtor, notwithstanding the Automatic Stay, the customary monthly notices or coupons.

**(g)      Order of Distribution**

Trustee shall pay allowed claims in the following order :

(1) _____  (6)_____
(2) _____  (7)_____
(3) _____  (8)_____
(4) _____  (9)_____
(5) _____  (10)_____

**(h)    Other, Special Provisions of the Plan Not Elsewhere Described:**

Debtor's Counsel moves the Court for an Order allowing distributions from the unsecured pool in excess of 12.5% of disbursements to pay allowed attorney fees after motion and Order of this Court approving such fees.

Debtor's Counsel moves the Court for an Order requiring disbursal of funds on hand with the Chapter 13 Trustee on the date of first disbursal after confirmation of the plan to pay the attorney fee claim to the extent those funds exceed the amount needed to pay ongoing domestic support obligations, adequate protection payments on secured claims, the filing fee, and trustee allowed commissions, and the first monthly payment to other creditors due under the plan .  Debtor's Counsel requests a one time payment at confirmation of the plan equal to the amount of the allowed fee claim or $  **-0-** , and the remaining fees to be paid in the plan with a fixed monthly payment of $   **150.00**   to be paid at the same disbursement level as secured claims.

11. **PROVISIONS RELATING TO CLAIMS SECURED BY REAL PROPERTY TREATED PURSUANT TO §1322(B)(5):**

(a)      Confirmation of this Plan shall impose upon any claim holder treated under paragraph 4(d)(iv) and, holding as collateral, the debtor's residence, the obligation to:

1. Apply the payments received from the trustee on pre-confirmation arrearage only to such arrearage. For purposes of this plan, the "pre-confirmation" arrears shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim.

2. Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

3. Not less than 60 days prior to the effective date of any change in monthly mortgage payments, notify the trustee, the debtors and the attorney for the debtors in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments or any change in the property taxes and/or the property

    insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments.

4.     Notify the trustee, the debtors and attorney for the debtors, in writing, of any protective advances or other charges incurred by the claimholder, pursuant to the mortgage agreement, within 60 days of making such protective advance or other charges.

(b)

    i. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claim holder.

    ii.     If the trustee has maintained payments to the mortgage creditor in accordance with paragraph 4(d)(iv) of this order, then no later than 60 days prior to the anticipated last payment under the plan, the trustee shall file a motion and notice consistent with LBR 9013-1 requesting the court find that the trustee has complied with the plan to maintain mortgage payments and to cure the pre-confirmation default. If the claim holder asserts that the mortgage obligation is not contractually current at the time of the trustee's motion, then the claim holder shall, within 30 days of receipt of the motion, file a Statement of Outstanding Obligations, clearly itemizing all outstanding obligations it contends have not been satisfied as of the date of the Statement with service upon the trustee, the debtors and the debtors' attorney. The filing and service of a Statement shall be treated as a response for purposes of LBR 9013-1 and a hearing will be held consistent with the trustee's notice. No liability shall result from any nonwillful failure of the trustee to file the application authorized herein.

(c)     If the claim holder fails to timely file and serve a Statement of Outstanding Obligations, the trustee shall submit an order declaring the mortgage current and all    arrearage cured as of the date of the trustee's motion; and, upon discharge, the claim holder shall treat the mortgage as fully reinstated according to its original terms and fully current as of the date of the trustee's notice.

(d)     If the claim holder timely files and serves a Statement of Outstanding Obligations, the debtor may propose a modified plan to provide for payment of additional amounts the debtor acknowledges or the court determines are due. To the extent amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.

/s/ GALEN W. PIERCE  
GALEN W. PIERCE - BPR No. 023832  
Attorney for the Debtor  
108 North Church St.  
Murfreesboro, TN 37130-3636  
Phone - 615/895-6508  
Fax - 615/225-0364  
ecfmboro@robertharlan.com